IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERNARD ROSS, #12034507,  §  | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:12-CV-4456-B-BK |
| § | | |
| RICK PERRY, § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and Special Order 3, this case was referred to the undersigned United States Magistrate Judge. For the reasons that follow, it is recommended that this action be dismissed without prejudice as duplicative of a pending case.

**I. BACKGROUND**

On October 10, 2012, Plaintiff, a Dallas County Jail inmate, filed his *Complaint for Title USC 2680 Exception* against Defendant Rick Perry in the United States District Court for the Southern District of Texas. *Ross v. Perry*, No. 4:12-CV-03185 (S.D. Tex, Houston Div.). Five days later, Plaintiff filed an identical action in the United States District Court for the Eastern District of New York, which was subsequently transferred to this Court and assigned this case number. *Ross v. Perry*, No. 1:12-CV-5232 (E.D. N. Y. filed Oct. 15, 2012). Subsequently, on November 30, 2012, the Southern District of Texas transferred Plaintiff's first action to this Court and it is assigned case number 3:12-CV-4900-N-BH.

**II. ANALYSIS**

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b) (providing for *sua sponte* dismissal of an *in*

*forma pauperis* complaint if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief). A complaint is frivolous when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (courts should ensure "that the plaintiff obtains one bite at the litigation apple-but not more").

The allegations in this case duplicate the claims pursued in Plaintiff's October 10, 2012, action initially filed in the Southern District of Texas, recently transferred to this Court, and now styled and numbered *Ross v. Perry*, No. 3:12-CV-4900-N-BH. Consequently, this case should be dismissed without prejudice as frivolous. *See Pittman*, 980 F.2d at 995 ("district court confronted with the later-filed action should dismiss it in favor of the case that was filed earlier," and the dismissal should be "without prejudice to [plaintiff's] prosecution of the duplicative pending suit.").

### III. RECOMMENDATION

It is recommended that this action be **DISMISSED** without prejudice as frivolous.

SIGNED December 12, 2012.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE